IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC RIVERA-RODRIQUEZ, | : |
|     Petitioner, | :    CRIMINAL NO. 09-459 |
| v. | : |
| | :    CRIMINAL NO. 10-452 |
| UNITED STATES OF AMERICA, | : |
|     Respondent. | :    CIVIL NO. 11-6994 |

### MEMORANDUM ORDER

Tucker, J.                                                                                                 March 20, 2012

      Presently before the Court is Petitioner's Amended Habeas Corpus Petition to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 36). For the reasons below, the Court will deny Petitioner's Motion.

### BACKGROUND

      Petitioner Eric Rivera-Rodriguez pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), in Criminal Case No. 09-459, and one count of bank robbery and one count of carjacking, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2119, respectively, in Criminal Case No. 10-452. The charges in Case No. 10-452 stem from events occurring on January 7, 2009, in which Petitioner robbed the Harleysville National Bank and then forcibly removed an innocent bystander from his car and drove off in the victim's car. The charge in Case No. 09-459 stems from a May 9, 2009 robbery of the Lafayette Ambassador Bank on Easton Avenue in Bethlehem, Pennsylvania.

      The cases were consolidated for sentencing, and on October 28, 2011, the Court sentenced Defendant to 188 months on the two bank robberies and 180 months on the carjacking, all sentences to run concurrently. On or about November 9, 2011, Petitioner filed a pro se motion under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence alleging 1) that his attorney was constitutionally

ineffective, 2) that the sentence imposed on him was procedurally and substantively unreasonable; and 3) that his plea was not knowing and voluntary. The Government filed a Response on February 6, 2012, requesting an evidentiary hearing on the claims. On March 7, 2012, the CJA appointed new counsel on Defendant's behalf. On March 14, 2012, Defendant's counsel filed an Amended Motion to Vacate, reducing the allegations to one claim of ineffective assistance of counsel. On March 19, 2012, an evidentiary hearing was held. The Court will now address the pending motion.

## LEGAL STANDARD

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of the Court, who believes that the sentence was imposed in violation of the constitution or laws of the United States, or is otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside, or correct the sentence. Relief for a habeas corpus petition is proper where judgment was made without jurisdiction, the sentence is not authorized by law, or the prisoner's constitutional rights have been infringed upon.

## DISCUSSION

The Court will deny the Motion because Petitioner has failed to prove ineffective assistance of counsel under the standard set forth in <u>Strickland</u>. In his §2255 motion, Petitioner alleges that his former attorney, Mark T. Wilson, Esq., was ineffective for two reasons. First, Petitioner argues that counsel failed to present mitigating evidence at the sentencing hearing. Second, Petitioner asserts that counsel failed to inform him that the presence and statements of Petitioner's family during the sentencing hearing could potentially persuade the Court to give him a more lenient sentence.

In response[1], the Government argues that counsel's performance was not deficient because

---

[1] The Government has not yet submitted a Response to Petitioner's Amended Motion. The arguments referenced by the Court are those presented by the Government during the evidentiary hearing.

counsel discussed the sentencing hearing with Petitioner and Petitioner requested that counsel refrain from contacting his family about the hearing. The Government maintains that even if counsel's performance fell below acceptable standards, Petitioner is still not entitled to habeas relief because the error did not deprive him of a fair trial because Petitioner's sentence was appropriate given the nature of the crimes committed.

In Strickland, the Supreme Court of the United States established that in order for a defendant to prove ineffective assistance of counsel, he must satisfy a two (2) part test. 466 U.S. at 687. First, the defendant must demonstrate that his counsel's performance was deficient such that the attorney was not functioning as required by the Sixth Amendment right to counsel. Id. Second, the deficient performance must prejudice the defendant such that the defendant was deprived of a fair trial. Id. To prove prejudice, the defendant must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 692. The Petitioner bears the heavy burden of overcoming the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, the United States Court of Appeals for the Third Circuit has stressed that the second part of the Strickland test should be evaluated first. See McAleese v. Mazurkiewicz, 1 F.3d 159 (3d Cir. 1993); United States v. Fulford, 825 F.2d 3 (3d Cir. 1987); McNeil v. Cuyler, 782 F.2d 443 (3d Cir. 1986).

Evaluating the second part of the Strickland test as urged by the Third Circuit, Petitioner has failed to show that he was prejudiced by counsel's performance. The Court considered multiple factors in deciding the appropriate sentence to impose in this case and agrees that the presence of Petitioner's family at the sentencing hearing would not have had an impact on the Court's decision. Petitioner was convicted of two counts of bank robbery and one count of carjacking occurring within months of each other. Notably, the January 7, 2009 bank robbery and carjacking occurred while Petitioner was residing at a halfway house on release from federal prison for a 1998 carjacking and

bank robbery.  The Court also took into consideration Petitioner's longstanding substance abuse problem which often instigated Petitioner's decision to engage in criminal activity.

In evaluating the above factors the Court felt it necessary to impose a sentence which was both reflective of the seriousness of the crimes committed and that would deter Mr. Rivera and others from committing similar crimes in the future.  Given Petitioner's extensive criminal history, either of his convictions qualified for career offender status.  Despite the Government's request for an upward variance, the Court imposed a sentence within the guideline range.  The sentence was both fair and appropriate.  As such, Mr. Rivera's claim does not meet the <u>Strickland</u> test for ineffective assistance of counsel since he has failed to show that he was prejudiced by counsel's performance.  Rather, the Court is satisfied that counsel performed as required by the Sixth Amendment[2] and that Petitioner received a fair trial.  Accordingly, Petitioner's request for habeas relief must be denied.

An appropriate order follows.

---

[2] The Court finds that counsel's performance was not deficient.  Counsel regularly met with Defendant to discuss the trial. It was Defendant who requested that counsel refrain from contacting his family. Defendant also repeated to the Court his insistence that his family not attend sentencing because he was ashamed and let them down.